IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY BEDGOOD, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | CASE NO. 2:08-CV-953-WKW[WO] |
| ) | |
| LUCIO CASTILLO GARCIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Timothy Bedgood's Amended Motion for Service by Publication (Doc. # 7), filed pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.3 of the Alabama Rules of Civil Procedure.[1]  Mr. Bedgood requests service by publication on Defendant Lucio Castillo Garcia.  For the reasons to follow, the motion is due to be denied.

**I.  BACKGROUND**

The motor vehicle accident at issue in this lawsuit occurred on December 4, 2006, in Greenville, Alabama, when Mr. Garcia allegedly negligently or wantonly attempted to change lanes and collided with the vehicle Mr. Bedgood was operating.  (Am. Compl. ¶ 3 (Doc. # 4).)  The lawsuit, which seeks more than $75,000 in compensatory and punitive damages, was filed pursuant to 28 U.S.C. § 1332(a)(1).  Mr. Bedgood is an Alabama citizen. Mr. Garcia is alleged to reside in New York.

---

[1]  Mr. Bedgood's first motion for service by publication was denied without prejudice for failure of Mr. Bedgood to provide any authority in support of his motion.

The court's electronic files indicate that service of process on Mr. Garcia was attempted by certified mail, return receipt requested, but that the mail was returned with a notation, "Return to Sender; Unclaimed." (Unnumbered Docket Entry, dated Dec. 29, 2008.) Also, in support of his Amended Motion for Service by Publication (Doc. # 7), Mr. Bedgood has attached his affidavit detailing additional efforts taken to effectuate service on Mr. Garcia. In that affidavit, Mr. Bedgood attests that Mr. Garcia "has avoided personal service of process as is indicated by the process server's return[] of 'Not Found,'" that Mr. Garcia's "present residence or location is unknown," that Mr. Garcia "has been absent from his residence or last known residence for more than 30 days," and that Mr. Garcia's "present residence or whereabouts cannot be ascertained after the exercise of reasonable diligence." (Pl. Aff. ¶¶ 3-6 (Ex. to Doc. # 7).)

Furthermore, Mr. Bedgood has enumerated the multiple, but unsuccessful, methods invoked to ascertain the location of Mr. Garcia. (Pl. Aff. ¶¶ 3-7.) Mr. Bedgood has called the last known telephone number of Mr. Garcia, has contacted the public safety driver license divisions of three states, has searched telephone directory assistance in two states, has used "Peoplefinders," has contacted the wrecker service that towed Mr. Garcia's automobile after the accident at issue, and has called the business where Mr. Garcia's vehicle was repaired. (Pl. Aff. ¶ 7.) A process server also has attempted, but has been unable, to serve Mr. Garcia and, thus, has made a return of "Not Found." (Pl. Aff. ¶ 3.) By his motion and affidavit, Mr. Bedgood moves that service of Mr. Garcia be made by publication in a newspaper, in accordance with the strictures of Rule 4.3 of the Alabama Rules of Civil Procedure.

## II. DISCUSSION

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). According to Rule 4(e)(1), a plaintiff who files a complaint in federal district court in Alabama can effect service on a defendant by any means permitted by Alabama law.

Under Alabama law, where the claim is legal, as here, publication on a nonresident defendant is permissible only in the limited circumstances specified in Rule 4.3 of the Alabama Rules of Civil Procedure, titled "Process: Service by Publication."[2] Rule 4.3(a) governs the scope of the rule. In particular, subdivision (a)(2) provides that "this rule applies . . . [t]o a claim, whether *legal* or equitable, against a defendant who avoids service of

---

[2] Prior to August 1, 2004, it was well established under Alabama law that personal jurisdiction could "not be obtained over a *nonresident* defendant through service by publication." *Vogus v. Angry*, 744 So. 2d 934, 936 (Ala. Civ. App. 1999) (emphasis added) (collecting cases); *accord Snead v. Snead*, 874 So. 2d 568, 573 n.5 (Ala. Civ. App. 2003) (noting that Rule 4.3(c) of the Alabama Rules of Civil Procedure "applies to 'resident' defendants"). Rule 4.3, however, has been amended since *Vogus*. *See* Ala. R. Civ. P. 4.3, advisory committee's note (2004). It "was amended, effective August 1, 2004, so as to permit service by publication upon nonresident defendants who have avoided personal service," and that "amendment appears to have prospectively abrogated the holding in *Vogus* concerning the impropriety of service by publication upon a nonresident." *Williams v. Williams*, 910 So. 2d 1284, 1287 (Ala. Civ. App. 2005).

process as described in subdivision (c) of this rule."[3]  Ala. R. Civ. P. 4.3(a)(2) (emphasis added).  Subdivision 4.3(c) provides, in pertinent part, that

> [w]hen a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication. . . . The mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit required in subdivision (d)(1) of this rule must aver specific facts of avoidance.

Ala. R. Civ. P. 4.3(c); *see also* Ala. R. Civ. P. 4(d)(1) (providing that a motion for service by publication must include an affidavit that avers facts showing avoidance).  As broken down in *Beasley v. United States*, 162 F.R.D. 700 (M.D. Ala. 1995),[4] under Rule 4.3(c), three things "must be shown in order to justify an order authorizing service by publication: (1) that the . . . defendant has avoided service; (2) that the present location or residence of the . . . defendant is unknown; and (3) that the process server has failed to serve the . . . defendant." *Id.* at 701.

---

[3] No argument has been made that subdivision (a)(1) is applicable.  It addresses

> claim[s] historically equitable involving property under the control of the court (*e.g.*, administration of an estate, interpleader, partition) or marital status which claim has heretofore been deemed appropriate for service by publication where the identity or residence of a defendant is unknown or where a resident defendant has been absent from that defendant's residence for more than thirty (30) days since the filing of the complaint and the method of service by publication in such instances is not specifically provided by statute[.]

Ala. R. Civ. P. 4(a)(1).

[4] *Beasley* was decided prior to the 2004 amendment to Rule 4.3(c), *see supra* note 1; however, the 2004 Committee Comments to Rule 4.3(c) provide that, other than the deletion of the word "resident," Rule 4.3(c) remains "mostly unchanged." Ala. R. Civ. P. 4.3, advisory committee's note. *Beasley*'s discussion of what a plaintiff must show to demonstrate that a defendant has avoided service of process has not been affected by the 2004 amendment.

4

The dispositive issue here is whether Mr. Bedgood's affidavit demonstrates that Mr. Garcia has been avoiding service of process so as to authorize service by publication, in accordance with subdivisions (a)(2), (c), and (d)(1) of Rule 4.3 of the Alabama Rules of Civil Procedure. In *McBrayer v. Hokes Bluff Auto Parts*, 685 So. 2d 763 (Ala. Civ. App. 1996), the court plainly stated that "[s]ections (a)(2), (c), and (d)(1) of Rule 4.3 permit service of a . . . defendant by publication *only when the defendant avoids service*." *Id.* at 768 (emphasis added). In that case, service by publication was not authorized under those sections of the rule because the affidavit merely provided that the defendant's "whereabouts" were not known and could not "be ascertained after reasonable effort." *Id.* That attestation did "not show that [the defendant] was avoiding service[.]" *Id.*; *see also Nichols v. Pate*, 992 So. 2d 734, 737 (Ala. Civ. App. 2008) ("A showing that the defendant, either a resident or nonresident, has avoided service is a prerequisite to service by publication." (citing Ala. R. Civ. P. 4.3(c)).

In *Nichols*, the court reiterated the standard under Alabama law for demonstrating that a defendant has avoided service:

> "In the official comments to Rule 4.3(c), it is stated that 'more than mere inability to find the defendant is required because of the use of the term avoidance of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication."

992 So. 2d at 737 (quoting *Fisher v. Amaraneni*, 565 So. 2d 84, 87 (Ala. 1990)). "'It is obvious that the draftsmen required proof of culpability or a hiding out by a defendant before suggesting that an in personam judgment can be entered on service by publication.'" *Id.*

5

(quoting *Fisher*, 565 So. 2d at 87).  "[T]he return of certified mail 'unclaimed' does not in and of itself constitute avoidance of service of process so as to justify service of process . . . by publication." *Wise v. Siegel*, 527 So. 2d 1281, 1281 (Ala. 1988), *quoted with approval in Nichols*, 992 So. 2d at 738.  Moreover, in *Fisher*, the Alabama Supreme Court held that "conclusory statements made in the plaintiffs' affidavit that the [defendants] were avoiding service, coupled with the process server's [six] failed attempts to perfect service of process upon them and his later endorsement of the returned process as 'not found,'" were inadequate to satisfy the requirements of Rule 4.3(d)(1), so as to permit service by publication.  565 So. 2d at 88 (brackets added); *see also Vaughan v. O'Neal*, 736 So. 2d 635, 638 (Ala. Civ. App. 1999) (holding that a conclusory statement that the defendant was "avoiding service," without reciting facts to support the conclusion, was insufficient to satisfy the requirements of Ala. R. Civ. P. 4.3(d)(1)).

Furthermore, in *Beasley*, the plaintiffs filed a motion for service by publication, attesting that they unsuccessfully had searched a telephone book and a city directory to ascertain the defendant's address and that a process server had not been able to locate the defendant.  162 F.R.D. at 701.  Applying Rule 4.3(a)(2), (c), and (d)(1) to deny the motion, the *Beasley* court explained:

> While the affidavit does cite facts that indicate that the present location and/or residence of [the defendant] is unknown and that the process server was unable to complete service, the affidavit contains no facts that support the conclusion that [the defendant] is responsible for this failure of service because he is hiding from or avoiding it.  It could well be that plaintiffs are looking in the wrong places for [the defendant] or that he has left the area for reasons unrelated to the plaintiffs' suit.  Absent some evidence of culpability, the court

6

will not presume that [the defendant] is avoiding service simply because the plaintiffs have not located him.

*Id.* at 702 (brackets added).

Here, as established by his affidavit, Mr. Bedgood has attempted through at least nine different sources to locate Mr. Garcia, an alleged New York resident, for purposes of serving him with the summons and a copy of the complaint. (Pl. Aff. ¶ 7.) Service by certified mail, return receipt requested, to an address in New York has been unsuccessful. Also, a process server has attempted, but has been unable, to serve Mr. Garcia and, thus, has made a return of "Not Found." (Pl. Aff. ¶ 3.) These attestations indicate that, despite diligent efforts, Mr. Bedgood has been unable to ascertain Mr. Garcia's present location or residence, and that service by a process server has been unsuccessful. Under Alabama law, however, the affidavit is insufficient to establish that Mr. Garcia has been avoiding service of process.

*Fisher* makes clear that the fact that serving a defendant has proven to be a difficult and onerous task does not equate with a finding that a defendant is avoiding service. *See* 565 So. 2d at 87. *Beasley* is in accord, finding that under Alabama law a plaintiff's inability to ascertain the current location/residence of a defendant and a process server's failed attempts to effectuate service are insufficient to demonstrate that a defendant "is responsible for this failure of service because he is hiding from or avoiding it." 162 F.R.D. at 702.

Moreover, Mr. Bedgood's attestation that the process server's return of "Not Found" is an indication that Mr. Garcia "has avoided personal service of process" (Pl. Aff. ¶ 2) is wholly conclusory. Such perfunctory attestations do not comport with the requirement that a Rule 4.3(d)(1) affidavit must contain "specific facts of avoidance," Ala. R. Civ. P. 4.3(c),

and have been squarely rejected by *Fisher*. *See* 565 So. 2d at 88; *see also Vaughan*, 736 So. 2d at 638. On this record, there simply is no evidence from which it can be implied that Mr. Bedgood's attempts to serve Mr. Garcia evidence culpability on Mr. Garcia's part or that the attempts have been unfruitful because Mr. Garcia has been hiding out. Because Mr. Bedgood has failed to establish that Mr. Garcia has been avoiding service of process, service by publication is not authorized pursuant to Rule 4.3 of the Alabama Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff Timothy Bedgood's Amended Motion for Service by Publication (Doc. # 7) is DENIED.

Mr. Bedgood is given until **July 14, 2009**, to perfect service on Mr. Garcia. If service is not perfected by that date and good cause for the failure (which may include facts establishing avoidance of service) is not demonstrated, this action will be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

DONE this 15th day of June 2009.

                                        /s/ W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE